IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> PATRIOT NATIONAL, INC., *et al.,* <br><br> Debtors; | Chapter 11 <br><br> Case No. 18-10189 (KG) <br><br> (Jointly Administered) |
| CWIBENEFITS, INC. and PATRIOT SERVICES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> PAUL VAN CLEAVE and IMA, INC., <br><br> Defendants | Adv. Proc. No. 18-50415 (KG) |

## <u>ANSWER AND AFFIRMATIVE DEFENSES</u>
## <u>OF DEFENDANTS IMA, INC. AND PAUL VAN CLEAVE</u>

Defendants, IMA, Inc. ("IMA") and Paul Van Cleave ("Van Cleave") (collectively "defendants"), through undersigned counsel, and for their Answer and Affirmative Defenses to the Complaint for Injunction and Other Relief ("Complaint") filed by CWIBenefits, Inc. ("CWI") and Patriot Services, Inc. *f/k/a* Patriot Services, Inc. ("Patriot") (collectively "plaintiffs"), provide the following responses; unless specifically indicated otherwise, all responses are on behalf of both IMA and Van Cleave:

1

## INTRODUCTION

1.      The allegations of Paragraph 1 constitute plaintiffs' summary of the action and do not require a response. To the extent a response is required, Van Cleave admits he is a former employee of CWI. The remaining allegations are denied.

2.      For response to the allegations of Paragraph 2, Van Cleave and IMA admit Van Cleave is currently employed by IMA. All remaining allegations of Paragraph 2 are denied.

3.      The allegations of Paragraph 3 constitute legal conclusions for which a response is not required. To the extent the allegations could be construed as factual in nature, the allegations of Paragraph 3 are denied. Further responding, defendants expressly deny the existence of any "scheme to solicit" _any_ CWI customers.

## JURISDICTION AND VENUE

4.      The allegations of Paragraph 4 constitute legal conclusions for which a response is not required. However, to the extent a response may be required, the allegations are denied. Further responding, defendants deny plaintiffs are entitled to any relief in any Court. Moreover, defendants would suggest the are serious questions as to this Court's subject matter jurisdiction, given that plaintiffs' Chapter 11 Plan has been confirmed, and the subject matter of the instant lawsuit does not have sufficient nexus to plaintiffs' confirmed Chapter 11 Plan for this Court to exercise subject matter jurisdiction. _See_, _inter alia_, _In the Matter of Petrowax P.A., Inc._, 200 B.R. 538 (Bkrtcy. D. Del. 1996); _In re_

*Washington Mutual, Inc.*, 2012 WL 4755209 (Bkrtcy. D. Del. 2012); and *In re VeraSun Energy Corporation*, 2013 WL 3336870 (Bkrtcy. D. Del. 2013).

5.      The allegations of Paragraph 5 constitute legal conclusions for which a response is not required. Further answering, plaintiffs' Complaint purports to assert both core and non-core claims. To the extent an answer is required, the allegations of Paragraph 5 are denied. Further, due to confirmation of the Debtors' Plan, there is no longer any property of the estate. Pursuant to Local Rule 7012-1, defendants state they do not consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

6.      The allegations of Paragraph 6 constitute conclusions of law for which a response is not required. To the extent an answer is required, the allegations of Paragraph 6 are denied.

**PARTIES**

7.      The allegations of Paragraph 7 are denied for lack of information sufficient to justify a belief therein.

8.      The allegations of Paragraph 8 are denied for lack of information sufficient to justify a belief therein.

9.      The allegations of Paragraph 9 are admitted.

10.     The allegations of Paragraph 10 are admitted.

## **FACTUAL BACKGROUND**

11.     The allegations of Paragraph 11 are denied for lack of information sufficient to justify a belief therein.

12.     The allegations of Paragraph 12 are denied for lack of information sufficient to justify a belief therein.

13.     The allegations of Paragraph 13 are denied for lack of information sufficient to justify a belief therein.

14.     The allegations of Paragraph 14 are denied. Further responding, defendants aver CWI <u>never</u> provided third party administrator services to Benefits in a Card ("BIC"); CWI <u>never</u> had any contract to provide such services to BIC. Instead, CWI had individual contracts with various individual business entities associated with BIC, which entities comprised BIC's staffing groups.

15.     The allegations of Paragraph 15 are admitted.

16.     For response to the allegations of Paragraph 16, Van Cleave avers he signed a Confidentiality and Non-Compete Agreement ("Agreement") with <u>Patriot Services, Inc.</u>, and others <u>(that did not include CWI)</u>; Van Cleave denies signing any contract with <u>Patriot Services, LLC</u>. Further responding, defendants aver the Agreement is the best evidence of its content. IMA denies the allegations of Paragraph 16 for lack of information sufficient to justify a belief therein.

17.     The allegations of Paragraph 17 are denied.

18.     Van Cleave denies the allegations of Paragraph 18 as written; further responding, Van Cleave avers he was accepted employment as an Implementation Director/Client Services Manager. IMA denies the allegations of Paragraph 18 for lack of information sufficient to justify a belief therein.

19.     The allegations of Paragraph 19 are denied. Further responding, defendants reallege and incorporate herein  by reference their answer to Paragraph 14 above.

20.     The allegations of the first sentence of Paragraph 20 are denied; defendants reallege and incorporate herein by reference their answer to Paragraph 14 above. The second sentence of Paragraph 20 is not directed to defendants and does not require a response from them.

21.     For response to the allegations of Paragraph 21, defendants deny BIC was CWI's customer; defendants reallege and incorporate herein by reference their answer to Paragraph 14 above. The allegations of Paragraph 21 regarding CWI's claimed development of a "custom bundle package of benefits" are denied for lack of information sufficient to justify a belief therein.   All remaining allegations of Paragraph 21 are denied. Further responding, defendants aver that – to the extent details of CWI's alleged "bundle of programs" were known to others (including  the individual entities with which CWI had individual contracts) –  the  information was not  confidential or proprietary, and did not constitute a "trade secret."

22. For response to the allegations of Paragraph 22, defendants deny CWI provided services to BIC; defendants further deny the existence of any "trade secret, confidential and proprietary information regarding CWI's relationship with BIC." Defendants reallege and incorporate herein by reference their answer to Paragraph 14 above. All remaining allegations of Paragraph 22 are denied.

23. Van Cleave denies the allegations of Paragraph 23. Van Cleave further denies the characterization of information referenced in Paragraph 23 as "trade secret, confidential and proprietary information." The allegations of Paragraph 23 are not directed to IMA and do not require a response; however, to the extent an answer may be necessary, the allegations are denied.

24. The allegations of Paragraph 24 are denied.

25. The allegations of Paragraph 25 are not directed to defendants and do not require a response; however, to the extent an answer may be necessary, the allegations are denied.

26. The allegations of Paragraph 26 are not directed to defendants and do not require a response; however, to the extent a response may be necessary, the allegations are denied.

27. The allegations of Paragraph 27 are denied. Further responding, Van Cleave specifically denies entering into any Agreement with CWI.

28.     The allegations of Paragraph 28 are denied. Further responding, Van Cleave specifically denies entering into any Agreement with CWI.

29.     The allegations of Paragraph 29 are denied. Further responding, Van Cleave specifically denies entering into any Agreement with CWI.

30.     The allegations of Paragraph 30 are denied. Further responding, Van Cleave specifically denies entering into any Agreement with CWI.

31.     The allegations of Paragraph 31 are denied.  Further responding, Van Cleave specifically denies entering into any Agreement with CWI.

32.     The allegations of Paragraph 32 are denied. Further responding, Van Cleave specifically denies entering into any Agreement with CWI.

33.     For response to the allegations of Paragraph 33, defendants aver the document referenced therein is the best evidence of its content.  Further responding, Van Cleave specifically denies entering into any Agreement with CWI.

34.     The allegations of Paragraph 34 are denied.  Further responding, Van Cleave specifically denies the existence of any "*scheme*" as alleged in the defamatory allegations of Paragraph 34.

35.     The allegations of Paragraph 35 are admitted.

36.     The allegations of Paragraph 36 are denied as written; further responding, Van Cleave avers he had accepted employment with IMA at the time he resigned his position with CWI.

37.     The allegations of Paragraph 37 are admitted.

38.     The allegations of Paragraph 38 are not directed to defendants and do not require a response; however, to the extent a response may be necessary, defendants reallege and incorporate herein by reference their answer to Paragraph 14 above.

39.     The allegations of Paragraph 39 are admitted.

40.     The allegations of Paragraph 40 are denied. Further responding, defendants reallege and incorporate herein by reference their answer to Paragraph 14 above. Further, IMA specifically denies engaging in any actions to "solicit BIC's business." Defendants aver BIC sought services for its staffing company groups because CWI could not and did not properly perform third party administrative services; IMA was contacted by BIC during BIC's search for a third party administrator for the staffing companies comprising BIC's groups

41.     The allegations of Paragraph 41 are denied.

42.     Van Cleave denies the allegations of the first sentence of Paragraph 42; the remaining allegations of Paragraph 42 are not directed to Van Cleave, and do not require a response; to the extent a response may be necessary, however, the allegations are denied. The allegations of Paragraph 42 are not directed to IMA and do not require a response. However, to the extent a response may be required, the allegations of Paragraph 42 are denied by IMA.

43.     The allegations of Paragraph 43 are denied.

## COUNT I
## (VIOLATION OF AUTOMATIC STAY)
### (Against Defendants)

44. For response to Paragraph 44, defendants repeat and reallege each and every response to the foregoing Paragraphs as if fully set forth herein.

45. The allegations of Paragraph 45 are denied. Further responding, defendants deny any property *whatsoever* of CWI was misappropriated by them, and, any alleged CWI property is no longer property of the estate due to confirmation of CWI's Chapter 11 Plan.

46. The allegations of Paragraph 46 are denied. Further responding, defendants deny obtaining, possessing, exercising control over and/or using and/or benefitting from any property *whatsoever* of CWI, and it is denied that CWI's property is property of the bankruptcy estate.

47. The allegations of Paragraph 47 are denied. Further responding, defendants deny the existence of any "obligations" owed by them to plaintiffs under the Bankruptcy Code; defendants further deny "procuring" the nonperformance of any "obligations" owed by any person and/or entity to plaintiffs; defendants also deny having notice of the automatic stay for purposes of any alleged willful violation of the automatic stay.

## COUNT II
## (TURNOVER OF PROPERTY OF THE ESTATE)
### (Against Defendants)

48. For response to Paragraph 48, defendants repeat and reallege each and every response to the foregoing Paragraphs  as if fully set forth herein.

49.     The allegations of Paragraph 49 are denied. Further responding, Van Cleave specifically denies he "misappropriated and disclosed" any "trade secrets, confidential and proprietary information" of CWI, and it is further denied that CWI's property is property of the estate by virtue of CWI's confirmed Chapter 11 plan vesting said property into reorganized CWI.

50.     The allegations of Paragraph 50 are denied.

51.     The allegations of Paragraph 51 are denied. Further answering, section 542(a) of the Bankruptcy Code only applies to property of the bankruptcy estate and not property of reorganized CWI.

**COUNT III**
**(FEDERAL DEFEND TRADE SECRETS ACT)**
**(Against Defendants)**

52.     For response to Paragraph 52, defendants repeat and reallege each and every response to the  foregoing Paragraphs as if fully set forth herein.

53.     The allegations of Paragraph 53 constitute a conclusion of law, for which a response is not required. However, to the extent an answer may be necessary, the allegations are denied.

54.     The allegations of Paragraph 54 are not directed to defendants and do not require a response; however, to the extent a response may be necessary, the allegations are denied.

55.     The allegations of Paragraph 55 are not directed to defendants and do not require a response; however, to the extent a response may be necessary, the allegations are denied.

56.     The allegations of Paragraph 56 are not directed to defendants and do not require a response; however, to the extent a response may be necessary, the allegations are denied.

57.     Van Cleave denies the allegations of Paragraph 57; the allegations of Paragraph 57 are not directed to IMA and require no response from it. However, to the extent an answer may be necessary, the allegations are denied.

58.     The allegations of Paragraph 58 are denied.

59.     The allegations of Paragraph 59 are denied.

60.     The allegations of Paragraph 60 are denied.

61.     The allegations of Paragraph 61 are denied. Further responding, defendants specifically deny any misappropriation of trade secrets of CWI.

62.     The allegations of Paragraph 62 are denied.

63.     The allegations of Paragraph 63 are denied

64.     The allegations of Paragraph 64 are denied.

65.     The allegations of Paragraph 65 are denied. Further responding, defendants specifically deny any misappropriation of trade secrets of CWI.

66.     The allegations of Paragraph 66 are denied. Further responding, defendants specifically deny any misappropriation of trade secrets of CWI.

67.     The allegations of Paragraph 67 are denied.

**COUNT IV**
**(BREACH OF CONTRACT)**
**(Against Van Cleave)**

68.     For response to Paragraph 68, defendants repeat and reallege each and every response to the foregoing Paragraphs as if fully set forth herein.

69.     For response to the allegations of Paragraph 69, Van Cleave admits knowingly entering into the contract attached as Exhibit A of plaintiffs' Complaint, which document is the best evidence of its content; Van Cleave denies he "voluntarily" agreed to enter into the Agreement. Further responding, Van Cleave denies the Agreement applies to any claims for which plaintiffs seek damages and/or other relief in this litigation. The allegations of Paragraph 69 are not directed to IMA, and require no response from it. However, to the extent a response may be necessary, the allegations are denied.

70.     The allegations of Paragraph 70 constitute conclusions of law for which a response is not required. However, to the extent a response may be necessary, the allegations are denied; further responding, defendants aver that, to the extent Louisiana law may be applicable to the Agreement referenced in Paragraph 70, the agreement is completely null, invalid and unenforceable.

71.     The allegations of Paragraph 71 are denied as written; further responding, defendants deny the Agreement applies to any claims for which plaintiffs seek damages and/or other relief in this litigation.

72.     The allegations of Paragraph 72 are denied.  Further responding, defendants aver the Agreement does not apply to " CWI's trade secrets, confidential, and proprietary information."

73.     The allegations of Paragraph 73 are denied. Further responding, defendants aver the Agreement does not apply to CWI's "business" and "customers."

74.     The allegations of Paragraph 74 are denied. Further responding, Van Cleave specifically denies breaching any provisions of the Agreement; Van Cleave further denies the Agreement applies to any claims for which plaintiffs seek damages and/or other relief in this litigation.

75.     The allegations of Paragraph 75 are denied. Further responding, defendants specifically deny engaging in any conduct causing any harm to any plaintiff.

76.     The allegations of Paragraph 76 are denied. Further responding, Van Cleave specifically denies breaching any provision of the Agreement. Further responding, defendants specifically deny the Agreement applies to any claim for which plaintiffs seek damages and/or other relief in this litigation.

## COUNT V
## (TORTIOUS INTERFERENCE WITH CONTRACT)
### (Against IMA)

77.    For response to Paragraph 77, defendants repeat and reallege each and every response to the foregoing Paragraphs as if fully set forth herein.

78.    The allegations of Paragraph 78 are denied.

79.    The allegations of Paragraph 79 are denied. Further responding, defendants specifically deny any breach of the Agreement by Van Cleave; defendants specifically deny any "procurement" of any alleged "breach" of the Agreement by Van Cleave.

80.    The allegations of Paragraph 80 are denied. Further responding, IMA specifically denies any "fomentation of contractual breaches."

81.    The allegations of Paragraph 81 are denied. Further responding, IMA specifically denies any "tortious interference" with the Agreement.

## COUNT VI
## (MISAPPROPRIATION OF TRADE SECRETS UNDER SOUTH CAROLINA TRADE SECRETS ACT)
### (Against Defendants)

82.    For response to Paragraph 82, defendants repeat and reallege each and every response to the foregoing Paragraphs as if fully set forth herein.

83.    The allegations of Paragraph 83 are not directed to defendants, and do not require  a response from them; however, to the extent a response may be necessary, the allegations are denied for lack of information sufficient to justify a belief therein.

84. The allegations of Paragraph 84 are not directed to defendants and do not require a response from them; however, to the extent a response may be necessary, the allegations are denied.

85. The allegations of Paragraph 85 are not directed to defendants and do not require a response from them; however, to the extent a response may be necessary, the allegations are denied.

86. The allegations of Paragraph 86 are denied.

87. The allegations of Paragraph 87 are denied.

88. The allegations of Paragraph 88 are denied; further responding, IMA specifically denies it "acquired and/or used" any "trade secrets and confidential and proprietary information" of CWI; Van Cleave denies ever having any "trade secrets and confidential and proprietary information" of CWI, and accordingly Van Cleave further denies providing any such information to IMA.

89. The allegations of Paragraph 89 are denied. Further responding, defendants specifically deny misappropriating any trade secrets, confidential or proprietary information of plaintiffs.

90. The allegations of Paragraph 90 are not directed to defendants and otherwise constitute conclusions of law for which a response is not required.

91. The allegations of Paragraph 91 are denied.

92. The allegations of Paragraph 92 are denied.

93.     The allegations of Paragraph 93 are denied. Further responding, defendants specifically deny misappropriation of any trade secrets of CWI.

94.     The allegations of Paragraph 94 are denied. Further responding, defendants specifically deny misappropriation of any trade secrets of CWI.

**COUNT VII**
**(MISAPPROPRIATION OF TRADE SECRETS UNDER**
**FLORIDA TRADE SECRETS ACT)**
**(Against Defendants)**

95.     For response to Paragraph 95, defendants repeat and reallege each and every response to the foregoing Paragraphs as if fully set forth herein.

96.     The allegations of Paragraph 96 are not directed to defendants, and do not require a response from them; however, to the extent a response may be necessary, the allegations are denied for lack of information sufficient to justify a belief therein.

97.     The allegations of Paragraph 97 are not directed to defendants and do not require a response from them; however, to the extent a response may be necessary, the allegations are denied.

98.     The allegations of Paragraph 98 are not directed to defendants and do not require a response from them; however, to the extent a response may be necessary, the allegations are denied.

99.     The allegations of Paragraph 99 are denied.

100.     The allegations of Paragraph 100 are denied.

101.    The allegations of Paragraph 101 are denied; further responding, IMA specifically denies it "acquired and/or used any "trade secrets and confidential and proprietary information: of CWI; Van Cleave denies ever having any "trade secrets and confidential and proprietary information" of CWI, and accordingly, Van Cleave further denies providing any such information to IMA.

102.    The allegations of Paragraph 102 are denied. Further responding, defendants specifically deny misappropriating any trade secrets, confidential or proprietary information of plaintiffs.

103.    The allegations of Paragraph 103 are not directed to defendants and otherwise constitute conclusions of law for which a response is not required.

104.    The allegations of Paragraph 104 are denied.

105.    The allegations of Paragraph 105 are denied.

106.    The allegations of Paragraph 106 are denied. Further responding, defendants specifically deny misappropriation of any trade secrets of CWI.

107.    The allegations of Paragraph 107 are denied. Further responding, defendants specifically deny misappropriation of any trade secrets of CWI.

## COUNT VIII
### (BREACH OF DUTY OF LOYALTY)
#### (Against Van Cleave)

108.    For response to Paragraph 108, defendants repeat and reallege each and every response to the foregoing Paragraphs as if fully set forth herein.

109.     The allegations of Paragraph 109 are denied; further responding, Van Cleave denies being employed by any predecessor of CWI.

110.     The allegations of Paragraph 110 are denied.

111.     The allegations of Paragraph 111 are denied.

112.     The allegations of Paragraph 112 are denied.

## COUNT IX
### (AIDING AND ABETTING BREACH OF LOYALTY)
**(Against IMA)**

113.     For response to Paragraph 113, defendants repeat and reallege each and every response to the foregoing Paragraphs as if fully set forth herein.

114.     The allegations of Paragraph 114 are denied.

115.     The allegations of Paragraph 115 are denied.  Further responding, defendants deny the existence of any "fiduciary duty" owed by Van Cleave to CWI.

116.     The allegations of Paragraph 116 are denied. Further responding, defendants deny the existence of any "fiduciary duty" owed by Van Cleave to CWI.

117.     The allegations of Paragraph 117 are denied. Further responding, defendants deny the existence of any "fiduciary duty" owed by Van Cleave to CWI; defendants further deny Van Cleave interfered with CWI's customer relationships; defendants further deny Van Cleae obtained any confidential information or trade secrets of CWI.

118.    The allegations of Paragraph 118 are denied. Further responding, defendants deny the existence of any "fiduciary duty" owed by Van Cleave to CWI; defendants further deny Van Cleave breached any duty whatsoever to CWI.

**COUNT X**
**(TORTIOUS INTERFERENCE WITH CWI'S BUSINESS RELATIONS)**
**(Against Defendants)**

119.    For response to Paragraph 119, defendants repeat and reallege each and every response to the foregoing Paragraphs as if fully set forth herein.

120.    The allegations of Paragraph 120 are denied for lack of information sufficient to justify a belief therein.

121.    IMA denies the allegations of Paragraph 121. Van Cleave avers having some knowledge of some of CWI's customers, but denies the allegations of Paragraph 121 as written.

122.    The allegations of Paragraph 122 are denied.

123.    The allegations of Paragraph 123 are denied. Further responding, defendants deny engaging in any "intentional and tortious conduct" whatsoever.

124.    The allegations of Paragraph 124 are denied. Further responding, defendants deny engaging in any "tortious interference" with plaintiffs' business relations.

## COUNT XI
## (CIVIL CONSPIRACY)
### (Against Defendants)

125.    For response to Paragraph 125, defendants repeat and reallege each and every response to the foregoing Paragraphs as if fully set forth herein.

126.    The allegations of Paragraph 126 are denied.

127.    The allegations of Paragraph 127 are denied.

128.    The allegations of Paragraph 128 are denied.

## COUNT XII
## (UNFAIR COMPETITION)
### (Against Defendants)

129.    For response to Paragraph 129, defendants repeat and reallege each and every response to the foregoing Paragraphs as if fully set forth herein.

130.    The allegations of Paragraph 130 constitute conclusions of law for which a response is not required. However, to the extent a response may be necessary, the allegations are denied.

131.    The allegations of Paragraph 131 are denied.

132.    The allegations of Paragraph 132 are denied. Further responding, defendants specifically deny engaging in "unfair competition."

**COUNT XIII**
**(UNJUST ENRICHMENT)**
**(Against Defendants)**

133.     For response to Paragraph 133, defendants repeat and reallege each and every response to the foregoing Paragraphs as if fully set forth herein.

134.     The allegations of Paragraph 134 are denied.

135.     The allegations of Paragraph 135 are denied.

## PLAINTIFFS' PRAYER FOR RELIEF

Defendants deny each and every allegation contained under the heading "Prayer for Relief in the Complaint. IMA and Van Cleave further deny plaintiffs are entitled to any relief whatsoever against defendants.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

The Court lacks personal jurisdiction over IMA and Van Cleave.

## SECOND DEFENSE

The Complaint fails to state any claim against IMA and Van Cleave upon which relief can be granted.

## THIRD DEFENSE

Plaintiffs' claims are barred by the legal doctrines of unclean hands and estoppel.

## FOURTH DEFENSE

To the extent plaintiffs have sustained any alleged losses or damages, plaintiffs have failed to mitigate or minimize their alleged damages.

## FIFTH DEFENSE

Plaintiffs' common law claims are preempted in whole or in part by statutory claims, including, but not limited to claims asserted under the Federal Defend Trade Secrets Act, the South Carolina Trade Secrets Act, and the Florida Uniform Trace Secrets Act.

## SIXTH DEFENSE

Van Cleave owed no fiduciary duty to plaintiffs.

## SEVENTH DEFENSE

Plaintiffs' claims under the Florida Uniform Trade Secrets Act are barred because the Act cannot be given extraterritorial effect.

## EIGHTH DEFENSE

Plaintiffs' Breach of Contract claims are barred by failure of consideration for the contract at issue.

## NINTH DEFENSE

To the extent Louisiana law may be applicable to the "Confidentiality and Non-Compete Agreement" at issue in this litigation, plaintiffs' claims based on that Agreement are barred, inasmuch as the Agreement is null, unenforceable and invalid under Louisiana law (*see* La.R.S. 23:921).

## TENTH DEFENSE

To the extent CWI and/or Patriot lost any business and/or "customers" for third-party administrator services, the loss of business and/or customers was caused by acts of persons and/or entities over which IMA and/or Van Cleave had no authority or control.

## ELEVENTH DEFENSE

Any damages that plaintiffs may have sustained (which damages are denied) were not factually or legally caused by any acts or omissions of IMA and/or Van Cleave.

## TWELFTH DEFENSE

CWI's customers were free to discontinue CWI's services at the expiration of their individual contracts with CWI, and, <u>as a matter of law</u>, the customers' voluntary non-renewal of their contracts with CWI precludes any damage and/or other claims by plaintiffs based on non-renewal of those contracts.

## THIRTEENTH DEFENSE

CWI had no contract with <u>Benefits in a Card</u> ("BIC"), and CWI provided no services to BIC. CWI instead had individual contracts with various staffing companies that comprised BIC's groups. CWI could not and did not properly provide services to the referenced individual staffing companies, and BIC therefore undertook a nationwide search for a company that could perform third party administrative services to aid BIC's groups. As part of BIC's search for a third party administrator for its groups, BIC contacted and ultimately selected IMA to provide third party administrative services for BIC's groups. Directly

contrary to plaintiffs' claims, IMA and Van Cleave did not contact BIC; rather, a stated above, BIC contacted IMA.

## FOURTEENTH DEFENSE

Plaintiffs' demands for injunctive relief are barred because monetary relief is an adequate remedy at law.

## FIFTEENTH DEFENSE

CWI failed to take reasonable steps to maintain the secrecy and/or restrain disclosure of its alleged confidential and/or proprietary information and/or its alleged trade secrets.

## SIXTEENTH DEFENSE

CWI did not derive any independent economic value from its alleged confidential and/or proprietary information and/or its alleged trade secrets.

## SEVENTEENTH DEFENSE

Defendants had no notice of the Plaintiffs' bankruptcy proceedings for purposes of a willful violation of the automatic stay.

## EIGHTEENTH DEFENSE

Plaintiffs' "property" as alleged in the Complaint is no longer property of the estate by virtue of the confirmation of plaintiffs' Chapter 11 Plan for purposes of turnover and the automatic stay.

## NINETEENTH DEFENSE

The claims made in ths adversary proceeding do not belong to plaintiffs, but rather were vested in a litigation trust created by plaintiffs' confirmed Chapter 11 Plan.

**WHEREFORE,** IMA, INC. and PAUL VAN CLEAVE pray:

1. That their Answer and Affirmative Defenses be deemed good and sufficient;

2. That the claims of plaintiffs be dismissed, with prejudice;

3. That defendants be awarded all costs incurred by them in defense of plaintiffs' claims, including but not limited to attorney fees to the fullest extent permitted by law, including (but not limited to) attorney fees under: (a) the Federal Defend Trade Secrets Act; (b) the Florida Uniform Trade Secrets Act; and ( c) the South Carolina Trade Secrets Act; and

4. Defendants further pray for such other relief as may be proper and just to IMA, INC. and Paul Van Cleave.

Respectfully submitted,

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP**

BY:    */s/ Jennifer R. Hoover*
Jennifer R. Hoover (DE Bar No. 5111)
222 Delaware Avenue, Suite 801
Wilmington, Delaware 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
*E-Mail: jhoover@beneschlaw.com*

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

BY:    */s/ Steven M. Oxenhandler*
        Steven M. Oxenhandler, T.A. (Bar Roll #28405)
        Bradley L. Drell (Bar Roll #24357)
        Michael J. O'Shee (Bar Roll #10268)
        Martha R. Crenshaw (Bar Roll #27420)
        P.O. Box 6118
        Alexandria, Louisiana 71307-6118
        Telephone: 318-445-6471
        Facsimile: 318-445-6476
        *E-Mail: soxenhandler@goldweems.com*
        *E-Mail: bdrell@goldweems.com*
        *E-Mail: moshee@goldweems.com*
        *E-Mail: mcrenshaw@goldweems.com*
**ATTORNEYS FOR  IMA, INC. AND PAUL VAN CLEAVE**

**CERTIFICATE OF SERVICE**

I, Jennifer Hoover,  hereby certify that on this 29th  day of May, 2018, a copy of the

foregoing document was electronically filed by CM/ECF, and I caused copies to be served

via U.S. Mail on the following parties:

Laura Davis Jones
James E. O'Neill
Peter J. Keane
*Pachulski Stang Ziehl & Jones LLP*
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)

Kathryn A. Coleman
Christopher Gartman
Jacob Gartman
*Hughes Hubbard & Reed LLP*
One Battery Park Plaza
New York, NY 10004-1482

s/*Jennifer Hoover*
OF COUNSEL